U.S. DISTRICT COURT
DISTRICT OF IDAHO

MAR 14 2001

4:50p M. REC'D
LODGED_____FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KOOTENAI TRIBE OF IDAHO, BOISE COUNTY, IDAHO, by and through the Boise County Board of Commissioners; VALLEY COUNTY, IDAHO by and through the Valley County Board of Commissioners; IDAHO STATE SNOWMOBILE ASSOCIATION; ILLINOIS ASSOCIATION OF SNOWMOBILE CLUBS; AMERICAN COUNCIL OF SNOWMOBILE ASSOCIATION; LITTLE CATTLE COMPANY LIMITED PARTNERSHIP; HIGHLAND LIVESTOCK AND LAND COMPANY; and BOISE CASCADE CORPORATION,

Plaintiffs,

vs.

ANN VENEMAN, in her official capacity as the Secretary of Agriculture; DANIEL GLICKMAN, in his official capacity as the Secretary of Agriculture; MICHAEL DOMBECK, in his official capacity as the Chief Forester of the USDA Forest Service; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES FOREST SERVICE,

Defendants,

and,

IDAHO CONSERVATION LEAGUE, IDAHO RIVERS UNITED, SIERRA CLUB, THE WILDERNESS SOCIETY, OREGON NATURAL RESOURCES COUNCIL, PACIFIC RIVERS COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, DEFENDERS OF WILDLIFE, and FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,

Defendant-Intervenors.

Case No. CV01-10-N-EJL

ORDER



37

Pending before the Court in the above-entitled matter are two Motions to Intervene in the above-entitled case. The first motion is filed by the Idaho Conservation League, Idaho Rivers United, Sierra Club, The Wilderness Society, Oregon Natural Resources Council, Pacific Rivers Council, National Resources Defense Counsel and Defenders of Wildlife (hereinafter referred to as "the ICL Applicants"). Docket No. 13. The second motion is filed by the Forest Service Employees for Environmental Ethics (hereinafter referred to as "the FSEEE Applicants"). Docket No. 26. Both motions were filed pursuant to Federal Rules of Civil Procedure 24(a) or, alternatively, Federal Rules of Civil Procedure 24(b). Plaintiffs have indicated neither support, consent, nor opposition to the ICL Applicants' motion[1] and the FSEEE Applicants have represented that Plaintiffs have not indicated their position on the second motion.[2] The Federal Defendants have taken no position on either of the motions.[3] Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## I. INTRODUCTION

On January 8, 2001, Plaintiffs[4] filed the present action seeking declaratory judgment and injunctive relief against the Federal Government for violations of the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), the National Forest Management Act ("NFMA"), the Organic Administration Act ("OAA"), the Multiple-Use Sustained Yield Act ("MUSYA"), Title I, § 101(d) of the Omnibus Consolidated Appropriations Act of 1997 ("Section

---

[1] See Docket No. 18.

[2] See Docket No. 27 at 1.

[3] See Docket Nos. 17, 27 at 1.

[4] Plaintiffs are identified as the Kootenai Tribe of Idaho; Boise County, Idaho; Valley County, Idaho; Blueribbon Coalition, Inc.; Idaho State Snowmobile Association; Illinois Association of Snowmobile Clubs; American Council of Snowmobile Associations; Little Cattle Company Limited Partnership; Highland Livestock and Land Company; and Boise Cascade Corporation.

108"), the Wilderness Act, and the National Historic Preservation Act ("NHPA").[5] The issues in this case revolve around the United States Forest Service's Roadless Area Conservation Final Rule and Record of Decision, issued on January 5, 2001.

## II. ANALYSIS

The ICL Applicants and FSEEE Applicants argue that they are entitled to intervene as of right or, in the alternative, permissively. Parties may intervene, upon timely application, either as of right or permissively. Fed. R. Civ. P. 24.

### A. Intervention As Of Right

The Ninth Circuit has established the following four-part test to determine whether intervention as of right is warranted under Rule 24(a):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. United States Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir. 1993). Furthermore, the Ninth Circuit has instructed district courts to construe Rule 24 "broadly, in favor of the applicants for intervention." Id.; (citing Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990)).

#### 1. Timeliness

Plaintiffs filed the above-entitled action January 8, 2001. The ICL Applicants filed their Motion to Intervene on February 6, 2001 - less than one month later. The FSEEE Applicants filed their Motion to Intervene on March 2, 2001. To date, no answer has been filed by the Defendants, and no substantive orders or rulings have been issued by this Court.[6] Because this litigation is at such an early stage, and because both the ICL Applicants and FSEEE Applicants have agreed to

---

[5] Specifically, Plaintiffs seek an order from this Court declaring that the Final Rule is in violation of NEPA, APA, NFMA, OAA, MUSYA, Section 108, the Wilderness Act, and NHPA and, as a result, is null and void and of no legal force and effect. In addition, Plaintiffs want a mandatory injunction issued requiring Defendants to withdraw the Final Rule. Docket No. 1 at 39-40.

[6] A Motion for Preliminary Injunction was filed by the Plaintiffs on February 20, 2001; however, no hearing had been set at the time the FSEEE Applicants filed their motion. The hearing has now been set for March 30, 2001.

abide by whatever briefing or other schedules are established by this Court,[7] the Court finds that intervention will not prejudice any party in any way. Accordingly, the Court finds that all Applicants have met the "timeliness" prong of the Rule 24(a) inquiry. See Tocher v. City of Santa Ana, 219 F.3d 1040, 1044 (9th Cir. 2000).

**2. Protectable Interest**

Rule 24(a) requires that an applicant for intervention possess a "significantly protectable interest" relating to the property or transaction that is the subject matter of the litigation. See Sierra Club, 995 F.2d at 1481. And, while the Ninth Circuit has noted that no *specific* legal or equitable interest need be established, see e.g., Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 (9th Cir. 1988), in Sierra Club, that Court reaffirmed that, in NEPA cases, "in order to establish a protectable interest sufficient to intervene as of right, an applicant-intervenor must establish (1) that the interest asserted is protectable under some law, and (2) that there is a relationship between the legally protected interest and the claims at issue." Sierra Club, 995 F.2d at 1484; see also Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1494 (9th Cir. 1995). The ICL Applicants argue that they have a "significantly protectable interest" in the Roadless Rule challenged by this lawsuit, and in the roadless lands protected by the Rule.[8] The FSEEE Applicants argue that their members have a professional stake in the Roadless Rule and that their members use and enjoy the roadless lands protected by the rule.[9]

Plaintiffs' Complaint asserts that the United States Forest Service, in its preparation of the Roadless Area Conservation Rule, violated the procedures established for rule-making under NEPA,[10] NFMA,[11] Section 108,[12] APA,[13] the Wilderness Act,[14] and NHPA.[15] This case involves

---

[7] See Docket Nos. 14 at 4; 27 at 1.

[8] See Docket No. 14 at 5.

[9] See Docket No. 27 at 2-4.

[10] See Count I, alleging a failure to examine site-specific impacts as required by NEPA, Count II, alleging a failure to consider reasonable alternatives as required by NEPA, Count III, alleging failure to allow adequate public participation as required by NEPA, and Count IV, alleging a failure to adequately consider cumulative impacts as required by NEPA. Docket No. 1 at 24-29.

[11] See Count Five, alleging that the Final Rule's prohibition of road construction and reconstruction constitutes a de facto amendment or revision to existing forest plans without complying with the procedures prescribed by the NFMA for such forest plan changes, and Count Six, alleging that a prohibition of road construction, reconstruction and timber harvesting, except

both claims challenging procedural compliance and claims challenging the legality of the substance of the Roadless Area Conservation Rule.

The ICL Applicants have filed a number of affidavits by national and regional conservation group members describing not only individual environmental, conservation and wildlife activities and/or interests;[16] but also direct member involvement with the implementation of and support of the Roadless Rule.[17] Similarly, the FSEEE Applicants have filed affidavits by Forest Service employee members describing not only individual environmental, conservation and wildlife activities and/or interests;[18] but also direct member involvement with the implementation of and support of the Roadless Rule.[19] The Court recognizes that such a showing may be sufficient to justify intervention as of right in cases not challenging procedural compliance; however, in Sierra Club, the Ninth Circuit noted that in NEPA cases, interests which might be protectable in other litigation contexts may not suffice for intervention as a defendant under Portland Audubon. See Sierra Club, 995 F.2d at 1485.

The Court is of the opinion that the Ninth Circuit has, to some extent, distinguished NEPA cases from non-NEPA cases;[20] however, the Ninth Circuit has not addressed whether a "lesser

---

under very limited exceptions, violates NFMA, MUSYA, and OAA which require the Forest Service to manage national forests under the principles of multiple use and sustained production of renewable forest resources.

[12] See Count Seven, alleging that the exception to the prohibition on road construction and reconstruction set forth in the final rule violates Section 108.

[13] See Count Eight, alleging a failure to give sufficient notice and allow for adequate opportunity for public comment on the Roadless Initiative as required by the APA.

[14] See Count Nine, alleging that unilaterally creating *de Facto* Wilderness Area by Final Rule, and bypassing legislation, is in violation of the Wilderness Act.

[15] See Count Ten, alleging that the Forest Service's failure to consult with the Kootenai Tribe with respect to properties of significant cultural and religious importance violates the NHPA.

[16] See Docket No. 14 at 6-7.

[17] See Docket No. 14 at 5-6.

[18] See Docket Nos. 29 at 3; 30 at 4.

[19] See Docket Nos. 28 at 4; 30 at 2.

[20] See Sierra Club distinguishing Portland Audubon and instructing district courts to reconcile it with other cases by "understanding it as a NEPA case" and instructing that:

NEPA does not regulate the conduct of private parties or state or local governments. It

interest," not traditionally protected by law, would suffice for intervention of right in NEPA cases. Furthermore, it is clear that Sagebrush Rebellion, which permitted a public-interest group to intervene as of right in litigation challenging an administrative decision that it actively supported, has not been overruled; accordingly, absent clarification by the Ninth Circuit this Court makes the following findings. The environmental, conservation and wildlife interests asserted by the ICL and FSEEE Applicants are necessarily related to the interests intended to be protected by the NEPA, the statute at issue, and, as disposition of this suit might, as a practical matter, impair the ability of the Applicant organizations to protect their interests, the Court finds that the Applicants have demonstrated a legally protectable interest related to the claims at issue.

Based on the foregoing, absent clarification from the Ninth Circuit, the Court finds that ICL and FSEEE Applicants have met the "protectable interest" prong of the Rule 24(a) inquiry.

**3. Impaired or Impeded Interest**

Next, Rule 24(a) requires that an applicant be "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a)(2). The ICL Applicants argue that this lawsuit threatens their interest in the preservation of National Forest roadless areas' wildlife and natural resources and argue that this litigation could invalidate the Roadless Rule, vitiating their efforts to secure long-term protection for National Forest roadless areas.[21] The FSEEE Applicants argue that this lawsuit threatens to

---

> regulates the federal government [and] requires the federal government to issue an environmental impact statement before taking any action "significantly affecting the quality of the human environment." 42 U.S.C. § 4332 (2)(C). No private party can comply with NEPA. It is for that reason that in a lawsuit to compel compliance with NEPA, no one but the federal government can be a defendant.
>
> . . .
>
> In a NEPA case, a private interest is unprotectable in the same sense as in Donaldson [v. United States, 400 U.S. 517, 91 S. Ct. 534 (1970)], the circus employee case [wherein the Supreme Court found that an employee had no "protectable" interest in an employer's records relating to the employee's income taxes because the records were not the property of the employee, and he had no proprietary right, evidentiary privilege, work product claim, constitutional claim to suppression, or any other right to interfere with the circus's disclosure to the IRS] . . . [I]n a NEPA case, someone who will be economically worse off if an environmental impact statement precedes a major government action nevertheless has no interest protected by law in defending against issuance of an environmental impact statement. Donaldson requires that the interest of a would-be intervenor be protected by some law and related to the subject of the litigation.

995 F.2d at 1485.

[21] See Docket No. 14 at 7.

undue all the work that FSEEE has put into development of the Roadless Rule and could lead to the destruction and degradation of natural resources used and managed by FSEEE's members.[22]

While the Court is of the opinion that the Federal Defendants are the only party which can properly defend against a suit alleging non-compliance with a federal regulation, the Court previously recognized that the Applicants have demonstrated a legally protectable interest in the claims at issue. Accordingly, because this lawsuit seeks to invalidate a regulatory measure that the ICL and FSEEE Applicants have supported, the Court finds that there can be no serious dispute regarding a potential impairment of interest. See Sagebrush Rebellion, 713 F.2d at 527-28.

**4. Adequacy of Representation**

Finally, the ICL and FSEEE Applicants argue that the Federal Defendants in this action do not adequately represent their interests. Specifically, the ICL Applicants argue that their conservation interests are not necessarily shared by the Forest Service, which must represent the public's broader interests rather than the Applicants' specific conservation interests - especially in light of the opposition publically taken by both President George W. Bush, the federal officer ultimately responsible for the lawsuit's defense, and Vice-President Dick Cheney.[23] The FSEEE Applicants argue that they intend to make subject matter jurisdiction arguments that the Federal Defendants are not able to make.[24] Moreover, the FSEEE Applicants assert that they will offer the unique perspective of Forest Service workers who seek to conserve and protect the national forest environment, including roadless areas, and argue that no other party to this case can represent the particularized interests in the welfare of these resource professionals and their special interest in ensuring that the rules under which they carry out their professional duties are consistent with protection of the environment and their own safety in the woods.[25]

To determine whether an applicant's interest is adequately represented by the existing parties, district courts in the Ninth Circuit have been instructed to consider:

---

[22] See Docket No. 27 at 4.

[23] President Bush has stated his intent to reverse the new roadless policy if possible, see Docket No. 14 at 9, and Vice-President Cheney has rejected the Forest Service's authority to protect roadless areas in Wyoming. Id.

[24] See Docket No. 27 at 5.

[25] Id.

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996). This requirement is satisfied if the applicant shows that representation of its interests "may be" inadequate and that the burden of making this showing is minimal. See Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10, 92 S. Ct. 636 (1972).

In reviewing the Applicants' motions in light of those factors, the Court notes that the mere change from one presidential administration to another should not give rise to intervention as of right in ongoing lawsuits. See Sagebrush Rebellion, 713 F.2d at 528. Furthermore, the Court is confident that the Federal Defendants will make any cognizable subject matter jurisdiction argument that exists. However, the Court finds that Applicants' particularized conservation interests are not necessarily shared by the Federal Defendants, which must represent the public's broader interests rather than the Applicant's specific conservation interests. Based on the foregoing, the Court finds that the Applicants have met the minimum burden of establishing that intervention as of right is warranted in the instant case. See Trbovich, 404 U.S. 538, 92 S.Ct. 636 (finding intervention appropriate because government's duty to represent both broad interests of the public an narrower interests of proposed intervenor were "related, but not identical.")

### B. Permissive Intervention

Having previously noted that, in NEPA cases, Ninth Circuit case law is not entirely clear as to whether "lesser interests," or interests not traditionally protected by law, are sufficient to suffice for intervention as of right with regard to "protectable interests" in NEPA claims, the Court will, alternatively, permit the ICL Applicants and FSEEE Applicants permissive intervention. The Court finds that the magnitude of this case is such that both Applicants' intervention will contribute to the equitable resolution of this case.

## III. CONCLUSION

Based on the foregoing, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Motion to Intervene filed by Idaho Conservation League, Idaho Rivers United, Sierra Club, The Wilderness Society, Oregon Natural Resources

Council, Pacific Rivers Council, National Resources Defense Counsel and Defenders of Wildlife (Docket No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Intervene filed by the Forest Service Employees for Environmental Ethics (Docket No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Applicants comply with the Order Expediting the Preliminary Injunction Briefing Schedule, attached hereto, and issued by this Court on March 9, 2001.

Dated this 14th day of March, 2001.

EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

U.S. COURTS
01 MAR -9 AM 10: 27
REC'D ______ FILED
CAMERON S. BURKE, CLERK, IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KOOTENAI TRIBE OF IDAHO; BOISE COUNTY, IDAHO, by and through the Boise County Board of Commissioners; VALLEY COUNTY, IDAHO by and through the Valley County Board of Commissioners; BLUERIBBON COALITION, INC.; IDAHO STATE SNOWMOBILE ASSOCIATION; ILLINOIS ASSOCIATION OF SNOWMOBILE CLUBS; AMERICAN COUNCIL OF SNOWMOBILE ASSOCIATIONS; LITTLE CATTLE COMPANY LIMITED PARTNERSHIP; HIGHLAND LIVESTOCK AND LAND COMPANY; and BOISE CASCADE CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ANN VENEMAN, in her official capacity as the Secretary of Agriculture; MICHAEL DOMBECK, in his official capacity as the Chief Forester of the USDA Forest Service; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES FOREST SERVICE,<br><br>Defendants. | Case No. CV01-10-N-EJL<br><br>ORDER |

After full consideration of Plaintiffs' Motion to Expedite Briefing Schedule for Plaintiffs' Reply Memorandum In Support of their Motion for Preliminary Injunction and To Set Hearing Date, this Court finds it necessary to suspend the application of D. Id. L. Civ. R. 7.1 and modify the briefing schedule on the motion as follows:

**IT IS HEREBY ORDERED** that any objection to Plaintiffs' Motion for Preliminary Injunction, and any accompanying papers, shall be filed with the Court on or before **March 16, 2001**. A party may respond to another party's objection on or before **March 27, 2001**. Any



34

objection and/or response will be served on opposing party via U.S. Mail and delivered via hand-delivery or facsimile transmission. A judge's copy and a law clerk's copy of any filing shall be provided to the Court via facsimile transmission at 208-334-9229. The Court will not entertain any motions for extensions of time on this matter.

This matter shall be heard on **Friday, March 30, 2001**, in **Boise, Idaho** at **10:00 a.m.**.

IT IS SO ORDERED this 9th day of March, 2001.

EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

dmc

United States District Court
for the
District of Idaho
February 26, 2001

* * CLERK'S CERTIFICATE OF MAILING * *

Re: 2:01-cv-00010

I certify that a copy of the attached document was mailed to the following named persons:

Raymond B Ludwiszewski, Esq.
GIBSON DUNN & CRUTCHER
1050 Connecticut Ave NW
Washington, DC 20036-5306

Peter E Seley, Esq.
GIBSON DUNN & CRUTCHER
1050 Connecticut Ave NW
Washington, DC 20036-5306

Theresa L Gardunia, Esq.
BOISE COUNTY PROSECUTING ATTORNEY
PO Box 186
Idaho City, ID 83631

Richard T Roats, Esq.
VALLEY COUNTY PROSECUTING ATTORNEY
PO Box 532
Cascade, ID 83611

Paul A Turcke, Esq.
MOORE SMITH BUXTON & TURCKE
225 N 9th #420
Boise, ID 83702

LeRoy W Wilder, Esq.
HOBBS STRAUS DEAN & WILDER
0225 SW Montgomery St #10
Portland, OR 97201

Jeffrey Daymon Neumeyer, Esq.
BOISE CASCADE CORPORATION
Legal Dept
PO Box 50
Boise, ID 83728

Douglas L Honnold, Esq.
EARTHJUSTICE LEGAL DEFENSE FUND
209 S Wilson St
Bozeman, MT 59715

Timothy J. Preso, Esq.
EARTHJUSTICE LEGAL DEFENSE FUND
209 S Wilson St
Bozeman, MT 59715

Sanjay Narayan, Esq.
EARTHJUSTICE LEGAL DEFENSE FUND
209 S Wilson St
Bozeman, MT 59715

Nathaniel S.W. Lawrence, Esq.
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Dr, SE
Olympia, WA 98501

Cameron S. Burke, Clerk

Date: March 14, 2001

BY: ______________________
(Deputy Clerk)

Patrick Parenteau
Vermont Law School
Chelsea Street
South Royalton, VT 05068

Scott Reed
P.O. Box A
Coeur d'Alene, ID 83814