U.S. COURTS

01 MAY 10 PM 12: 53

REC'D_____ FILED
CAMERON S. BURKE,
CLERK,         IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KOOTENAI TRIBE OF IDAHO; BOISE COUNTY, IDAHO, by and through the Boise County Board of Commissioners; VALLEY COUNTY, IDAHO by and through the Valley County Board of Commissioners; BLUERIBBON COALITION, INC.; IDAHO STATE SNOWMOBILE ASSOCIATION; ILLINOIS ASSOCIATION OF SNOWMOBILE CLUBS; AMERICAN COUNCIL OF SNOWMOBILE ASSOCIATIONS; LITTLE CATTLE COMPANY LIMITED PARTNERSHIP; HIGHLAND LIVESTOCK AND LAND COMPANY; and BOISE CASCADE CORPORATION,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ANN VENEMAN, in her official capacity as the Secretary of Agriculture; MICHAEL DOMBECK, in his official capacity as the Chief Forester of the USDA Forest Service; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES FOREST SERVICE,<br><br>　　　　　　　　　Defendants. | Case No. CV01-10-N-EJL<br><br>ORDER |

　　　　Pending before the Court in the above entitled matter is Plaintiffs'[1] Motions for Preliminary Injunction. Docket No. 19, 45-2. Having reviewed all briefing submitted, as well as other pertinent

---

[1] Plaintiffs are individually identified as the Kootenai Tribe of Idaho; Boise County, Idaho; Valley County, Idaho; Blueribbon Coalition, Inc.; Idaho State Snowmobile Association; Illinois Association of Snowmobile Clubs; American Council of Snowmobile Associations; Little Cattle Company Limited Partnership; Highland Livestock and Land Company; and Boise Cascade Corporation.

ORDER - Page 1
01ORDERS\RoadlessPI2_01-10.wpd

documents in the Court's file, having heard oral arguments, and having received the Government's status report on May 4, 2001 the Court issues the following order.[2]

## I. STANDARD OF REVIEW

Having previously found that Plaintiffs had demonstrated a strong likelihood of success on the merits, the Ninth Circuit requires only that Plaintiffs make a minimal showing of harm to justify an injunction. Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988); See also Idaho Sporting Congress v. Alexander, 222 F.3d 562, 565 (9th Cir. 2000) (holding that the test is a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases).

## II. ANALYSIS

Plaintiffs argue that the possibility of irreparable injury has been adequately demonstrated by the Government's own admission that "the USDA [United States Department of Agriculture] shares plaintiffs' concerns about the potential for irreparable harm in the long-term under the current rule, [although] it would appear unlikely that such harm will occur in the short term." Docket No. 65 at 2 (quoting Docket No. 64, Status Report, at 4). Alternatively, Plaintiffs argue that the Roadless Rule poses serious risks of irreparable harm to the National Forests and adjoining lands because the Roadless Rule restricts active management activities that have already been planned for certain areas and, if the Roadless Rule remains in place, will cause a chilling effect that will preclude local Forest Service officials from planning future management activities. Id. at 3-4. The Federal Defendants argue that the USDA's stated commitment to address procedural concerns associated with the Roadless Rule with notice and comment on proposed amendments should alleviate the Plaintiffs' asserted need for a preliminary injunction.

The Court reserved putting its ruling into effect on April 20, 2001 only because the Government committed to the Court that the report due out May 4, 2001 may affect both the process and the substance of the rule and thereby moot the issues before the Court. This has not happened.

---

[2] A detailed description of the full factual and procedural background is contained in the Court's prior Order dated April 5, 2001 and will not be repeated herein except to note that the Court, in its April 5, 2001 Order, found a strong likelihood of success on the merits but reserved its ruling after opining that a decision as to whether or not there had been irreparable injury was arguably premature. Docket No. 60 at 19.

In fact, the Government's vague commitment to propose amendments to address, *inter alia*, identified flaws in the EIS process suggests that the requisite "hard look" was not taken when originally preparing the EIS.[3] Furthermore, the Government's status report does not provide any explanation as to why the information to be obtained by virtue of the proposed amendments cannot be obtained prior to placing the Roadless Rule into effect. In short, the information currently provided by the Federal Government in its status report leaves the Court with the firm impression that, absent the implementation of the proposed amendments, there is a substantial possibility that the Roadless Rule will result in irreparable harm to the National Forests.

As previously noted, Plaintiffs need only make a minimal showing of harm to justify an injunction. Marcos, 862 F.2d at 1362. Here, the Federal Government has conceded that without the proposed rulemaking amending the Roadless Rule there is a potential for long-term irreparable harm. See Docket No. 64, Status Report, at 4. In addition, Plaintiffs have shown that the Roadless Rule poses serious risks to the National Forests and adjoining lands by restricting active management activities that have already been planned and precluding Forest Service officials from considering certain management techniques in planning future management activities. There is neither a "date certain" on the proposed amendments to the Roadless Rule nor any guarantee that the proposed amendments can or will cure the defects identified by the Court and acknowledged to exist by the Federal Government. Accordingly, the Court finds that Plaintiffs have made the minimal showing of irreparable harm and will order that the injunction issue.

### III. CONCLUSION

While the Court recognizes the tremendous responsibility the USDA has in addressing the issues before them on the Roadless Initiative, the possibility of proposed amendments at some time in the future does not insure the public confidence that NEPA was intended to provide. A band-aid approach to something this controversial may mask or obscure the symptoms for political purposes

---

[3] See Docket No. 64, Status Report, at 2-3 stating that "States, Tribes, local communities and this Court have voiced significant concerns about the process through which the Rule was promulgated. After a review of the Rule and administrative record, the USDA shares many of these concerns . . . Consequently, the USDA intends to initiate an additional public process that will seek to address the issues raised by the Court and to examine possible modifications to the Rule to augment local participation while seeking to maintain the roadless area values and characteristics which the current Rule protects with restrictions on timber harvests and road building."

ORDER - Page 3
01ORDERS\RoadlessPI2_01-10.wpd

but does not address the "hard look" analysis for a cure as required by NEPA before environmentally altering actions are put into effect.

By issuing the Preliminary Injunction the Court is not precluding or even proposing that the USDA not go forward with their study concerning the proposed amendments because the ultimate responsibility lies with the Government and/or its agencies and not with the Court. To allow the current rule to go into effect, however, ignores the reality stated in the Court's previous order that once something of this magnitude is set in motion, momentum is irresistible, options are closed and agency commitments, if not set in concrete, will be the subject of litigation for years to come.

**IV.    ORDER**

Based on the foregoing, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Preliminary Injunction (Docket No. 19, 45-2) is **GRANTED**. The Forest Service is **HEREBY ENJOINED** from implementing all aspects of the Roadless Area Conservation Rule, including (1) the final rule published at 66 Fed. Reg. 3244 (January 12, 2001), and (2) that portion of the Roadless Area Conservation Rule that was published November 9, 2000, at 65 Fed. Reg. 67,514, as part of the "National Forest System Land Resource Management Planning: Final Rule;" and designated as 36 C.F.R. § 219.9(b)(8).

The parties are reminded that a joint Litigation Plan must be filed in this matter on or before **June 11, 2001** and that a telephone scheduling conference has been set for **June 21, 2001** at **9:30 a.m.** mountain standard time, for the purpose of confirming the deadlines proposed by the parties in the Litigation Plan and to set the matter for trial.

Dated this __10th__ day of May, 2001.

EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

ORDER - Page 4
01ORDERS\RoadlessPI2_01-10.wpd

# FAX TRANSMISSION

**UNITED STATES DISTRICT COURT**

| | | |
|---|---|---|
| **Edward J. Lodge**<br>District Judge | 550 West Fort St. MSC 040<br>Boise, ID 83724<br>208-334-9270 | **Nancy Baskin**<br>Staff Attorney |
| **Diane McCoy**<br>Secretary | Fax: 208-334-9229 | **Tad Blank**<br>Staff Attorney |
| **Peggy Satterfield**<br>Court Reporter | | **Vicky Hedrick**<br>Staff Attorney |

To:
Andrea Berlowe
U.S. Department of Justice
Environmental and Natural Resources Division
General Litigation Section
Fax No.: 202-514-0557

Douglas Honnold
EarthJustice Legal Defense Fund
Fax No.: 406-586-9695

Nathaniel S.W. Lawrence
Natural Resources Defense Council
Fax No.: 360-570-9310

Raymond Ludwisewski
Gibson, Dunn & Crutcher
Fax No.: 202-467-0539

Patrick Parenteau
Vermont Law School
406-586-9695

*faxed 5/10/01 /Carol Vaugh*